APR 10 2007

CLERK, U.S. DISTRICT COURT
EST. DIST. OF PENNSYLVA-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § § | 07 0476 |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:06-CV-2057-N |
| MICHAEL ADAMS, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Adams's motion to dismiss or transfer [6]. Because the Court finds the balance of convenience strongly favors a Western District of Pennsylvania forum, the Court grants the motion to transfer.

Adams is a former employee of Verizon Communications, Inc. (or related entities) ("Verizon"). Verizon determined to offer an early retirement incentive package to certain of its employees, including Adams. In Adams's case, the incentive included a lump sum payment option of approximately $430,000 from the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan"), an ERISA benefits plan. *See* 29 U.S.C. § 1002(2)(A). **Adams** verified the payment amount several times and in different ways from representatives of the Plan. Based on that information, Adams took early retirement and accepted the lump sum payment (which was deposited into Adams's IRA). Some time later, the Plan determined it had made a significant error in the calculation of Adams's benefits, in the amount of approximately $230,000. When Adams declined to return the overpayment, the Verizon

Certified a true copy of an instrument
on file in my office on April 3, 2007
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

ORDER – PAGE 1

Employee Benefits Committee (the "Committee"), the Plan administrator, commenced this action against Adams to recover overpayments and impose a constructive trust under 29 U.S.C. § 1132(a)(3). Adams now moves to dismiss under various theories or, in the alternative, to transfer this action to the Western District of Pennsylvania under section 1404(a).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The legal standard for transfer under section 1404(a) is well-known:

> In making a determination of whether a motion to transfer venue is proper, we turn to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir.1986)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

Further, "it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor

ORDER – PAGE 2

determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (citing *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970)).

> [C]ourts generally concur that there is a strong presumption favoring plaintiff's choice of forum. Since enactment of 28 U.S.C. § 1404(a), the amount of weight courts confer on plaintiff's choice of forum has been somewhat obscure:
>> [C]ourts have developed a bewildering variety of formulations on how much weight is to be given to plaintiff's choice of forum. Some courts say . . . that it is the paramount or primary consideration. . . . Other cases take a less than enthusiastic view of the weight to be given plaintiff's choice . . . [where plaintiff] chooses a forum with no obvious connection to the case.
>
> 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3848 (1986) (footnotes omitted). In any event, it is safe to say that ordinarily plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors . . . weigh substantially in favor of transfer.

*Robertson v. Kiamichi R.R. Co, L.L.C.*, 42 F. Supp. 2d 651, 655-56 (E.D. Tex. 1999) (footnote omitted). *See also Greiner v. American Motor Sales Corp.*, 645 F. Supp. 277, 279 (E.D. Tex. 1986) ("[W]here none of the operative facts occur within the forum of plaintiff's original selection, [its forum] choice is entitled to only minimal consideration."). "The convenience of witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003).

Initially, it does not appear that any of the operative facts took place in Texas. Adams worked in Pennsylvania, he received the buyout offer in Pennsylvania, he requested and received confirmation of the buyout offer from representatives of the Plan in Pennsylvania, and he accepted the buyout offer and the lump sum distribution in Pennsylvania. While the

ORDER – PAGE 3

Committee points to two Texas employees who will be likely witnesses, they appear to have acquired their factual information after the events in question. The Committee points to no operative facts that took place in Texas. Under these circumstances, the Court finds the Committee's choice of forum to be entitled to less consideration.

Adams identifies numerous third-party witnesses in Pennsylvania and beyond the subpoena power of this Court (because discovery has not yet competed, some of these people are not known to Adams by name, but are identified by description). These include: Mrs. Adams (knowledgeable about her decision to waive her claim to a survivor's annuity in exchange for a lump sum, based on the Plan's misrepresentations), representatives of the Plan who explained the early buyout offer to Adams, fellow employees who also received similar miscommunications, and representatives of Adams's local union (who can testify to the wages and benefits given up by Adams by virtue of his early retirement).

The Committee, for its part, identifies two party witnesses in the Northern District of Texas who can testify to the nature of the Plan's mistake resulting in the overpayment and to the correct calculation of the amount the Plan contends should have been paid to Adams. These witnesses are apparently Verizon employees, and the Committee could presumably bring them to Pennsylvania for trial, if needed. The Committee identifies no nonparty witnesses in Texas.

The Court finds that the other public and private factors have little or no impact on the balance of convenience. The Court thus finds that the Committee's choice of forum is entitled to less consideration because none of the operative facts took place in this forum, and

that numerous third-party witnesses are available in the Western District of Pennsylvania, as opposed to none in this district. The Court thus finds that the balance of convenience strongly favors transfer.

The Court, therefore, grants Adams's motion to transfer[1] and orders that this action be transferred to the Western District of Pennsylvania.

Signed April 2, 2007.

David C. Godbey
United States District Judge

---

[1] It is thus unnecessary to consider Adams's motions to dismiss, as they do not apply if this action is pending in the Western District of Pennsylvania.

ORDER – PAGE 5